# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50410 | **DATE** | 3/22/2005 |
| **CASE TITLE** | Mesich vs. Officer Woody, et al | | |

**DOCKET ENTRY TEXT:**

Defendants' 1/10/05 Motion to Strike is denied. Plaintiffs' 12/30/04 Responses to Defendants' Requests to Admit are allowed.

■ [ For further detail see attached order.]

Notices mailed by judge's staff.

| | Courtroom Deputy Initials: | AM |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. MESICH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03 C 50410 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | P. Michael Mahoney |
| OFFICER WOODY, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants' January 10, 2005, Motion to Strike Plaintiff's Responses to Defendants' Requests to Admit. Defendants' Requests to Admit were propounded on October 18, 2004. Plaintiff responded on December 30, 2004. Under Fed. R. Civ. P. 36, Plaintiff's response was due on or about November 19, 2004, making his response approximately forty-five days late under the Rules.[1] While Plaintiff was granted an extension of time to respond to discovery on November 3, 2004, the court specifically did not extend time for Plaintiff to respond to Defendants' Requests to Admit.

---

[1] Fed. R. Civ. P. 36 provides that:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

1

Plaintiff is proceeding *pro se* in this matter, but the court did appoint stand-by counsel to aid the court and Plaintiff on May 20, 2004. It is stand-by counsel's representation that Plaintiff had difficulty coming up with the information to answer Defendants' Requests. Stand-by counsel also stated in open court on January 28, 2005, that he sent Plaintiff a letter reminding Plaintiff that his responses to Defendants' Requests were due under Rule 36. However, stand-by counsel also represented that he did not speak with Plaintiff about the due date, and he specifically stated that he did not advise Plaintiff about making a motion for extension of time to respond to Defendants' Requests to Admit. Plaintiff stated in his letter accompanying his delayed Responses that, "I have been under some personal adversity and this was the first opportunity I had to receive the assistance that I required to have completed this task."

Defendants now ask the court to strike the untimely responses of the Plaintiff, thereby deeming the requests admitted. In support of their request, Defendants state that substantial prejudice will result if Plaintiff is allowed to deny the facts posited to the Plaintiff. Defendants believe that the Plaintiff's claim would properly be subject to dismissal by way of summary judgment based on the admissions. Plaintiff argues that the court should use its discretion to permit a filing of a response that would otherwise be untimely.

A federal court has discretion to allow late responses to requests to admit under Rule 36 when: (1) the responding parties' "delay was not caused by any lack of good faith" and (2) the "untimely response will not unduly prejudice the requesting party." *In re Schwinn Bicycle Co.*, 190 B.R. 599, 617 (N.D. Ill. 1995). Likewise, the court may permit late responses when "doing so would aid in the presentation of the merits of the action." *American Petro, Inc., v. Shurtleff*, 159 F.R.D. 35, 37 (D. Minn. 1994).

2

In this case, the court finds it necessary to exercise its discretion to allow Plaintiff's untimely Responses and, therefore, denies Defendants' Motion to Strike. Plaintiff is proceeding pro se, and even with the help of stand-by counsel, because of personal reasons, did not respond. Plaintiff did not realize that he had the option of filing a motion with the court. Likewise, the court is not persuaded that Defendants are unduly prejudiced by Plaintiff's delay. Defendants' ability to put forth their case has not been hampered. The forty-five day delay should not disrupt Defendants' preparation for trial. Fact discovery does not close until April 8, 2005, and Defendants can request an extension. While Defendants urge the court to strike Plaintiff's Responses so that they may proceed to summary judgment, the court does not agree that it is in the interest of justice to deem facts admitted on a technicality where the facts sought to be admitted concern a central, if not dispositive, issue of the case.

In conclusion, Defendants' Motion to Strike is denied, and on its own motion, the court allows Plaintiffs' December 30, 2004, Responses to be filed.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 3/22/05